Filed 3/14/23  In re J.S. CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

In re J.S., et al., Persons Coming Under the Juvenile Court Law.

| | |
|---|---|
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | E079772 |
| Plaintiff and Respondent, | (Super.Ct.Nos. J291601-J291605) |
| v. | OPINION |
| T.B., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steven A. Mapes, Judge.  Affirmed.

Jesse McGowan, under appointment by the Court of Appeal, for Defendant and Appellant.

1

Tom Bunton, County Counsel, and Tiffany Lok, Deputy County Counsel, for Plaintiff and Respondent.

In this appeal from the juvenile court's jurisdiction and disposition findings and orders, defendant and appellant T.B. (mother) contends that the juvenile court erred by denying her visitation with two of her five children, and that plaintiff and respondent San Bernardino County Children and Family Services (the department) violated its duty of initial inquiry imposed by state statutory provisions implementing the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) (ICWA).  The department argues the juvenile court did not abuse its discretion in denying mother visitation, and that the ICWA inquiry issue is not ripe.

We conclude the visitation issue is moot because the family law court has granted mother visitation with the two children.  We also conclude mother has raised the ICWA inquiry issue prematurely.  (See *In re Dominick D.* (2022) 82 Cal.App.5th 560, 563, 567 (*Dominick D.*).)  Accordingly, we affirm.[1]

BACKGROUND

Mother has five children from three fathers, ranging in age from one to 12.  However, mother's appeal concerns only the youngest three children:  T.B. (age 5), N.B. (age 3), and J.S. (age 1).  T.B. and N.B. share the same father, J.S. has a different father.

---

[1]  "[B]ecause ICWA uses the term 'Indian,' we do the same for consistency, even though we recognize that other terms, such as 'Native American' or 'indigenous,' are preferred by many."  (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1 (*Benjamin M.*).)

In November 2021, J.S. suffered an injury which doctors later determined was accidental. However, while investigating the injury, the department learned of ongoing domestic violence from J.S.'s father. In December 2021, the department sought and served a detention warrant and filed dependency petitions for all five children.

Mother initially denied any Indian heritage. However, she also claimed she did not know whether she had Indian heritage and that she might have heritage through her father, maternal grandfather. Maternal grandmother said she had no Indian heritage but had no information about maternal grandfather's potential Indian ancestry. Eventually mother "denied any knowledge of Native ancestry in her family."

J.S.'s father initially denied having any Indian heritage but then reported Cherokee heritage through his great-grandmother, paternal great-great-grandmother. J.S.'s father provided the name and phone number of a paternal aunt as someone who may know about J.S.'s potential Indian heritage. However, he later "denied knowing which relatives may have further information regarding Native ancestry." There is no indication the department spoke to any member of J.S.'s paternal family regarding this claim of Cherokee ancestry.

T.B. and N.B.'s father produced tribal membership cards for himself, T.B., and N.B.

The court held a jurisdiction and disposition hearing in September 2022. The court found all five children came under Welfare and Institutions Code[2] section 300,

---

[2] Undesignated statutory references are to the Welfare and Institutions Code.

subdivision (b), with J.S. and one other child coming under subdivision (a) as well. It transferred custody of T.B. and N.B. to their father and terminated jurisdiction over them. It also found that visits between mother, T.B., and N.B. were detrimental to the children, and therefore did not order visitation between mother and those children.

As for J.S., the court adopted the department's recommended findings and orders, including a finding that he "may come under the provisions of the [ICWA]." It also ordered J.S., along with the other two children still under the court's jurisdiction, removed from mother, and ordered reunification services.

Mother appealed the jurisdiction and disposition orders.

ANALYSIS

Mother argues the court abused its discretion by ordering no visitation for T.B. and N.B., and that the department did not comply with their duty of initial inquiry under ICWA as to J.S. The department argues the court did not abuse its discretion by ordering no visitation with T.B. and N.B, and that the ICWA issue is not yet ripe. We conclude the visitation issue is moot, and the ICWA inquiry issue is premature.

*A.     Visitation*

After mother filed her opening brief but before she filed her reply brief, she requested we take judicial notice that on January 17, 2023, the family court ordered supervised visitation between mother, N.B., and T.B. We granted this request. Mother's request for judicial notice acknowledged that "[t]his development likely renders the

4

visitation issue moot in that this court can no longer grant effective relief." Mother's reply brief contained no argument on the visitation issue.

Though the parties have not argued the visitation issue is moot, a "court may examine a suggestion of mootness on its own motion." (*City of Hollister v. Monterey Ins. Co.* (2008) 165 Cal.App.4th 455, 479; see *Department of the California Highway Patrol v. Superior Court* (2008) 158 Cal.App.4th 726, 732 [examining question of mootness after taking judicial notice of an order dismissing citations which gave rise to the appeal].) In general, " ' "when, pending an appeal from the judgment of a lower court, and without any fault of the [respondent], an event occurs which renders it impossible for this court, if it should decide the case in favor of [appellant], to grant him [or her] any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal." ' " (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1316.)

The grant of visitation with N.B. and T.B. to mother renders moot her argument that the court earlier erred in failing to order visitation. Even if the juvenile court abused its discretion earlier, the only relief mother requests and the only relief we could give would be to order visitation, which the family court has already done. Therefore, we cannot provide her any meaningful remedy.

Accordingly, we do not address mother's visitation arguments.

*B.     ICWA*

Mother contends that the department erred in its ICWA inquiry as to J.S. We find it premature to address ICWA at this stage.

5

Under California law, the juvenile court and county child welfare department have "an affirmative and continuing duty to inquire" whether a child subject to a section 300 petition may be an Indian child.  (§ 224.2, subd. (a); see *In re D.F.* (2020) 55 Cal.App.5th 558, 566 (*D.F.*).)  "This continuing duty can be divided into three phases:  the initial duty to inquire, the duty of further inquiry, and the duty to provide formal ICWA notice." (*D.F.*, at p. 566.)

The department always has an initial duty to inquire into whether a child is an Indian child.  (*In re J.S.* (2021) 62 Cal.App.5th 678, 686 (*J.S.*); see § 224.2, subd. (b).) " 'The child welfare department's initial duty of inquiry includes "asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled." ' " (*J.S.*, at p. 686; see § 224.2, subd. (b).)  Extended family members include adults who are the child's stepparents, grandparents, aunts, uncles, brothers, sisters, nieces, nephews, and first or second cousins.  (25 U.S.C. § 1903(2); § 224.1, subd. (c).)

It is clear the department has not yet satisfied its duty of initial inquiry.  J.S.'s father has claimed some Indian heritage and identified a paternal aunt as someone who may know about this potential Indian ancestry.  At minimum, the department should attempt to contact this aunt, and it should otherwise endeavor to identify and ask any

6

other extended family members that may have information about J.S.'s potential Indian heritage. (See *Benjamin M.*, *supra*, 70 Cal.App.5th at p. 744.)

However, as this court has noted, "ICWA inquiry and notice errors do not warrant reversal of the juvenile court's jurisdictional or dispositional findings and orders other than the ICWA finding" itself. (*Dominick D.*, *supra*, 82 Cal.App.5th at pp. 563, 567.) Moreover, the court here found ICWA may apply to J.S., so there is no erroneous ICWA finding to vacate. Accordingly, we affirm the juvenile court's jurisdictional and dispositional findings and orders.

J.S.'s dependency matter will not end with this appeal. Both the juvenile court and the department have a continuing duty to investigate his potential Indian ancestry. Though we do not address any claimed ICWA inquiry error now, both the juvenile court and the department remain able—and will be expected—to fully comply with their duties under ICWA as the case progresses.

DISPOSITION

We affirm the juvenile court's jurisdictional and dispositional orders.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:

McKINSTER
Acting P. J.

MILLER
J.